IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THE CITY OF BENTON, a municipal corporation, and AG ENERGY RESOURCES, INC., an Illinois corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 06-CV-904-WDS |
| THE VILLAGE OF WEST CITY, a body politic, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss the complaint as moot (Doc. 8), to which plaintiff City of Benton has filed a response (Doc. 12), and defendant a reply (Doc. 13). Plaintiff Ag Energy Resources, Inc., has not responded to the motion.

**BACKGROUND**

Plaintiffs City of Benton ("Benton") and Ag Energy Resources, Inc., ("AER") filed this complaint against defendant seeking declaratory and injunctive relief. Plaintiffs allege that defendant prohibits truck traffic on one of its public streets, and that such prohibition violates the Illinois Motor Vehicle Code, 625 ILCS 5/15-102 *et seq*., and also violates the Interstate Commerce Clause of the United States Constitution in that the prohibition is preempted by the Surface Transportation Assistance Act, 49 U.S.C. § 31114. Plaintiffs further allege that the prohibition at issue jeopardizes Benton's Industrial Park development, its historic tax base in the area of the Industrial Park, threatens to cause Benton to lose tax revenue in the area being developed, and threatens to hinder and affect AER in the development of its business located in

Benton's Industrial Park. (Doc. 2-1, pp. 1-2).

Specifically, plaintiffs attack defendant's prohibition of truck traffic on a certain section of Central Street, pursuant to West City Ordinances No. 483 and 485, which state as follows:

> **Ordinance No. 483**
>
> . . .
>
> ARTICLE VII - REGULATING WEIGHT LIMITATION
>
> 33.71   <u>Purposes and Authority.</u>  The purpose of this Ordinance is to prevent damage to Village roadways, alleys and bridges in the Village of West City, which may be caused by vehicles of excessive weight to lessen safety hazards and the risk of injury to the traveling public, to extend the life expectancy of the Village roadways, alleys and bridges and to reduce the public expense of their maintenance and repair.
>
> 33.72   <u>Roadways, Alleys and Bridges Affected.</u>  Roadways, alleys and bridges affected by this Ordinance shall be specifically set out in Exhibit A attached hereto and made a part of hereof the same as if specifically set forth herein.[1]
>
> 33.73   <u>Restrictions and Notices.</u>
>
> . . .
>         B.   Whenever notice has been posted as provided herein, no person may thereafter operate any vehicle, or as owner authorizes [sic] or knowingly allows [sic] the operation of any vehicle, with a gross registered weight in excess of 25 tons (50,000 pounds) on any roadways, alleys or bridges so posted unless otherwise exempt as provided herein.
>
> . . .
>
> **Ordinance No. 485**
>
> . . .

---

[1] A 725 foot section of Central Street is the only roadway included in Exhibit A.

>Section 1: That the penalty provision [of Ordinance No. 483] be, and the same hereby is, amended in words and figures as follows:
>
>33.76   <u>Penalties.</u>  Any violation of this Ordinance shall be a civil infraction subject to a fine of not less than $75.00 nor more than $500.00. Each violation shall be deemed a separate offense. In addition to any fine, the Village may seek restitution for the cost of repairs to any damaged roadway, alley or bridge and reasonable
>. . .

## ANALYSIS

Defendant now argues that the complaint should be dismissed as moot because there is no pending case or controversy since defendant repealed Ordinances 483 and 485 on January 2, 2007, through the enactment of Ordinance 492, which states:

>**Ordinance No. 492**
>
>. . .
>
>Section 1:   That Ordinance No. 483 of the Ordinances of the Village of West City, Illinois and Ordinance No. 485 amending parts of Ordinance No. 483 of the Ordinances of the Village of West City, Illinois be, and the same hereby are, repealed.
>
>Section 2:   This Ordinance shall be in full force and effect from and after its passage, approval and publication as required by law.
>
>. . .

Benton filed the affidavit of Benton Mayor Gary Kraft, which states that West City leaders "bear a grudge against Benton" and desire to "hinder Benton's economic well-being." (Doc. 9, ¶ 3). Mayor Kraft further alleges that the "facts alleged in the Complaint are part of an ongoing pattern of conduct through which West City has attempted, and will continue, to thwart economic development approval for Benton," and that "if not enjoined from this practice, West City is likely to continue their old ways by reenacting the challenged ordinances." (Doc. 9, ¶¶ 5-

3

6).

Benton further argues that this Court retains jurisdiction to enter judgment declaring the repealed ordinances unconstitutional and to grant a permanent injunction against future prohibitions on truck traffic.

Article III of the United States Constitution prohibits federal courts from entertaining cases where no actual ongoing controversy exists. *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990-91 (7th Cir. 2000). Courts in this district have noted, however, that "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of that practice." *Vickery v. Jones*, 878 F. Supp. 1179, 1183 (S.D. Ill. 1995); *see also*, *Kikumura v. Turner*, 28 F.3d 592, 597 (7th Cir. 1994). "If voluntary cessation were treated as mooting a case, any government official being sued 'could cease a challenged practice to thwart the lawsuit, and then return to his old tricks once the coast is clear." *Id.* (*internal citations omitted*). Even repeal of a challenged statute may not be sufficient to render a case moot. *Charles v. Daley*, 749 F.2d 452 (7th Cir. 1984). However, a Court may find mootness if there is reasonable assurance that the questioned conduct will not be resumed. *City of Los Angeles v. Lyons*, 461 U.S. 95, 100-01 (1983); *Watkins v. Blizinger*, 789 F.2d 474, 483 (7th Cir. 1986); *Parks v. Pavkovic*, 753 F.2d 1397, 1404 (7th Cir. 1985).

Where the defendant is not a private party, the Court will not presume bad faith. As the Seventh Circuit has noted:

> [W]hen the defendants are public officials . . . we place greater stock in their acts of self-correction, so long as they appear genuine. . . . Rather than presuming bad faith, we have repeatedly held that the complete repeal of a challenged law renders a case moot, unless there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar. . . .

4

> Therefore, we, along with all the circuits to address the issue, have interpreted Supreme Court precedent to support the rule that repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that the City plans to or already has reenacted the challenged law or one substantially similar.

*Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929-30 (7th Cir. 2003).

Here, defendant has completely repealed the challenged ordinances. There is no evidence that this repeal was disingenuous, and the Court has no reason to suspect that if this case is dismissed, defendant will reenact the ordinances.

The Court, therefore, **FINDS** that this case is moot as there is no actual ongoing controversy, and the Court is without jurisdiction. Accordingly, the Court **GRANTS** defendant's motion to dismiss the complaint as moot, and the complaint is **DISMISSED** without prejudice and without costs.

**IT IS SO ORDERED.**

**DATED: April 12, 2007.**

                                                **s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**